# Pembaur v. City of Cincinnati, 475 U.S. 469 (1986)

**Syllabus**   Case

## U.S. Supreme Court

Pembaur v. City of Cincinnati, 475 U.S. 469 (1986)

**Pembaur v. City of Cincinnati**

No. 84-1160

Argued December 2, 1985

Decided March 25, 1986

475 U.S. 469

*Syllabus*

Petitioner, a physician and the proprietor of a clinic in Cincinnati, Ohio, that provided medical services primarily to welfare recipients, was indicted by a grand jury for fraudulently accepting payments from state welfare agencies. During the grand jury investigation, subpoenas were issued for the appearance of two of petitioner's employees. When the employees failed to appear, the Assistant County Prosecutor obtained capiases for their detention. But when two County Deputy Sheriffs attempted to serve the capiases at petitioner's clinic, he barred the door and refused to let them enter the part of the clinic where the employees presumably were located. Thereafter, Cincinnati police officers, whom petitioner had called, appeared and told petitioner to allow the Deputy Sheriffs to enter.

Petitioner continued to refuse. The Deputy Sheriffs then called their superior, who told them to call the County Prosecutor's Office and to follow his instructions. The Deputy Sheriffs spoke to the Assistant Prosecutor assigned to the case. He in turn conferred with the County Prosecutor, who told him to instruct the Deputy Sheriffs to "go in and get" the employees. The Assistant Prosecutor relayed these instructions to the Deputy Sheriffs. After the Deputy Sheriffs tried unsuccessfully to force the door, city police officers obtained an axe and chopped down the door. The Deputy Sheriffs then entered and searched the clinic, but were unable to locate the employees sought. Although petitioner was acquitted of the fraud charges, he was indicted and convicted for obstructing police in the performance of an authorized act. His conviction was upheld by the Ohio Supreme Court. Petitioner then filed a damages action in Federal District Court under 42 U.S.C. § 1983 against the county, among other defendants, alleging that the county had violated his rights under the Fourth and Fourteenth Amendments. The District Court dismissed the claim against the county on the ground that the individual officers were not acting pursuant to the kind of "official policy" that is the predicate for municipal liability under *Monell v. New York City Dept. of Social Services,* 436 U. S. 658. The Court of Appeals affirmed, holding that petitioner had failed to prove the existence of a county policy because he had shown nothing more than that, on "this one occasion," the Prosecutor and the Sheriff decided to force entry into petitioner's clinic.

Page 475 U. S. 470

*Held:* The judgment is reversed, and the case is remanded. 746 F.2d 337, reversed and remanded.

JUSTICE BRENNAN delivered the opinion of the Court with respect to Parts I, II-A, and II-C, concluding that:

1. The "official policy" requirement of *Monell* was intended to distinguish acts of the *municipality* from acts of the municipality's *employees,* and thereby make clear that municipal liability is limited to actions for which the municipality is actually responsible. *Monell* held that recovery from a municipality is limited to acts that are, properly speaking, "of the municipality," *i.e.,* acts that the municipality has officially sanctioned or ordered. With this understanding, it is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances. If the decision to adopt a particular course of action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly. Pp. 475 U. S. 477-481.



2. It was error to dismiss petitioner's claim against the county. Ohio law authorizes the County Sheriff to obtain instructions from the County Prosecutor. The Sheriff followed the practice of delegating certain decisions to the Prosecutor where appropriate. In this case, the Deputy Sheriffs received instructions from the Sheriff's Office to follow the orders of the County Prosecutor, who made a considered decision based on his understanding of the law and commanded the Deputy Sheriffs to enter petitioner's clinic. That decision directly caused a violation of petitioner's Fourth Amendment rights. In ordering the Deputy Sheriffs to enter petitioner's clinic to serve the capiases on the employees, the County Prosecutor was acting as the final decisionmaker for the county, and the county may therefore be held liable under § 1983. Pp. 475 U. S. 484-485.

JUSTICE BRENNAN, joined by JUSTICE WHITE, JUSTICE MARSHALL, and JUSTICE BLACKMUN, concluded in Part II-B that not every decision by municipal officers automatically subjects the municipality to § 1983 liability. The fact that a particular official has discretion in the exercise of particular functions does not give rise to municipal liability based on an exercise of that discretion unless the official is also responsible, under state law, for establishing final governmental policy respecting such activity. Municipal liability under § 1983 attaches where -- and only where -- a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. Pp. 475 U. S. 481-484.

BRENNAN, J., delivered the opinion of the Court with respect to Parts I, II-A, and II-C, in which WHITE, MARSHALL, BLACKMUN, STEVENS, and

Page 475 U. S. 471

O'CONNOR (except for Part II-C), JJ., joined, and an opinion with respect to Part II-B, in which WHITE, MARSHALL, and BLACKMUN, JJ., joined. WHITE, J., filed a concurring opinion, *post*, p. 475 U. S. 485. STEVENS, J., *post*, p. 475 U. S. 487, and O'CONNOR, J., *post*, p. 475 U. S. 491, filed opinions concurring in part and concurring in the judgment. POWELL, J., filed a dissenting opinion, in which BURGER, C.J., and REHNQUIST, J., joined, *post*, p. 475 U. S. 492.

Oral Argument - December 02, 1985