**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------ x
SOLOMON MAYE,                  :
                              :
          Plaintiff,          :
                              :
                              :
v.                            :   Civil No. 3:21-cv-527(AWT)
                              :
DAVID J. STROLLO,             :
                              :
          Defendant.          :
                              :
                              :
------------------------------ x
```

<u>**RULING ON MOTION FOR SUMMARY JUDGMENT**</u>

The <u>pro se</u> plaintiff, Solomon Maye, brings suit pursuant to 42 U.S.C. § 1983 against defendant David Strollo, Supervisory Assistant State's Attorney for Geographical Area No. 23 Courthouse at New Haven, in his official and individual capacities. In the Complaint, the plaintiff claims that the defendant ordered New Haven Police Department ("NHPD") detectives to wrongfully evict him from his place of business in violation of his rights under the Fourth Amendment and the Fourteenth Amendment. The plaintiff also claims that the wrongful eviction violated his rights under Conn. Gen. Stat. § 47a-42a(a). The court previously granted the defendant's motion to dismiss as to the Fourteenth Amendment claim. <u>See</u> ECF No. 45. Defendant Strollo moves for summary judgment as to the plaintiff's remaining claims, i.e. the Fourth Amendment claim

and the claim pursuant to Conn. Gen. Stat. § 47a-42a(a).

For the reasons set forth below, the defendant's motion for summary judgment is being granted.

## I.   LEGAL STANDARD

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(a). See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994). Rule 56(c) "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

When ruling on a motion for summary judgment, the court must respect the province of the jury. The court, therefore, may not try issues of fact. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987); Heyman v. Commerce of Indus. Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir. 1975). It is well-established that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate

inferences from the facts are jury functions, not those of the judge." Anderson, 477 U.S. at 255. Thus, the trial court's task is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not deciding them. Its duty, in short, is confined . . . to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224.

Summary judgment is inappropriate only if the issue to be resolved is both genuine and related to a material fact. Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. An issue is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248 (internal quotation marks omitted). A material fact is one that would "affect the outcome of the suit under the governing law." Id.

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most favorable to the non-movant . . . and draw all reasonable inferences in its favor." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Delaware & Hudson Ry. Co. v. Consolidated Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)).

Because the plaintiff in this case is proceeding pro se, the court must read the plaintiff's pleadings and other

documents liberally and construe them in a manner most favorable
to the plaintiff.  See Burgos v. Hopkins, 14 F.3d 787, 790 (2d
Cir. 1994).  Moreover, because the process of summary judgment
is "not obvious to a layman," Vital v. Interfaith Medical Ctr.,
168 F.3d 615, 620 (2d Cir. 1999), the district court must ensure
that a pro se plaintiff understands the nature, consequences,
and obligations of summary judgment. See id. at 620-621.  Thus,
the district court may itself notify the pro se plaintiff as to
the nature of summary judgment; the court may find that the
opposing party's memoranda in support of summary judgment
provide adequate notice; or the court may determine, based on
thorough review of the record, that the pro se plaintiff
understands the nature, consequences, and obligations of summary
judgment. See id.

After reviewing the defendant's memorandum in support of
summary judgment and the plaintiff's submissions in opposition
to summary judgment in this case, the court concludes that the
plaintiff understands the nature, consequences and obligations
of summary judgement.  First, the defendant served the plaintiff
with the notice to pro se litigants required by Local Rule
56(b). Second, the defendant's memorandum states the nature and
consequences of summary judgment. Third, the plaintiff submitted
a complete response to the defendant's motion which indicates
that he understands summary judgment.  The court therefore finds

that the pro se plaintiff in this case understands the nature, consequences and obligations of summary judgment.

## II.  FACTUAL BACKGROUND

The plaintiff operated a boxing gym at 746 Orchard Street New Haven, Connecticut. On September 3, 2020 NHPD Detectives Soto, Carr and Folch went to the plaintiff's boxing gym after receiving a call from Devonne Canady, who had sub-leased the premises to the plaintiff. The detectives asked the plaintiff if he had a copy of his current lease. The plaintiff was unable to produce the lease and the detectives asked him to vacate the premises. The detectives explained to the plaintiff that Canady had informed NHPD that "she had terminated her partnership with the plaintiff and did not want him on the property." Def.'s Local R. 56(a) 1 Statement (ECF No. 62-2) at ¶ 10. Canady then arrived at the property and "confirmed that she had terminated her partnership with the plaintiff and did not want anyone in the building due to COVID-19." Id. at ¶ 11. The detectives asked the plaintiff to leave and advised him that he would be placed under arrest for criminal trespass if he returned.

On September 11, 2020, the plaintiff met with Bertram Ettienne, Assistant Chief of the Investigative Services and Internal Affairs Division of the NHPD. The plaintiff states that Assistant Chief Etienne told him that defendant Strollo "ordered[] or advised N.H.P.D. officials [that] they c[ould]

'evict' [him] from the boxing gym." Decl. Solomon Maye (ECF No. 63) at ¶ 2. The defendant maintains that he "did not order or advise the NHPD to evict the plaintiff in September 2020." Def.'s Local R. 56(a) 1 Statement at ¶ 21. The defendant also maintains that Detective Soto only spoke with him after the detectives had already asked the plaintiff to leave the premises at 746 Orchard Street. In addition, the defendant maintains that "Assistant Chief Ettienne never told the plaintiff that the defendant ordered or advised NHPD to evict him." Id. at ¶ 27.

### III. DISCUSSION

The defendant argues that he is entitled to summary judgment because (1) he had no personal involvement in any purported Fourth Amendment violation; and (2) there is no private right of action under Conn. Gen. Stat. § 47a-42a(a). The court agrees. Therefore, the court does not reach the defendant's alternative arguments that he is entitled to qualified immunity on the Fourth Amendment claim and that the court should decline to exercise supplemental jurisdiction over the claim pursuant to Conn. Gen. Stat. § 47a-42a(a).

### A. Section 1983

In order to establish a claim for the violation of a constitutional right pursuant to 42 U.S.C. § 1983, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the

Constitution.'" <u>Tangreti v. Bachmann</u>, 983 F.3d 609, 618 (2d Cir. 2020) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009)).

The plaintiff alleges in the Complaint that defendant Strollo "ordered—advised the N.H.P.D. to put [him] out" of his place of business on September 3, 2020. Compl. at 7. The plaintiff asserts that he "knew D/A Strollo was involved in [his] 'eviction'" because Assistant Chief Eittienne told him so during a meeting on September 11, 2020. Decl. Solomon Maye at ¶ 1-3. The plaintiff does not offer any other evidence to support his claim that he was evicted at the defendant's direction or that the defendant was otherwise involved in evicting him from the premises.

The defendant has produced evidence establishing that he spoke with NHPD detectives about the plaintiff only after they had already told the plaintiff to vacate the premises at 746 Orchard Street. The defendant offers sworn declarations from Detective Soto and Assistant Chief Ettienne. Detective Soto avers that "on the evening of September 4, 2020, [he] spoke with Supervisory Assistant State's Attorney ("SASA") David J. Strollo about the September 3, 2020 interaction with the plaintiff." Decl. Leonardo Soto (ECF No. 62-5) at ¶ 12. Soto also avers that he "only spoke with SASA Strollo after Detective Carr, Detective [Folch], and [he] asked the plaintiff to leave the premises located at 746 Orchard Street New Haven on September 3, 2020."

<u>Id.</u> at ¶ 16. Assistant Chief Ettienne avers that he "explained to Mr. Maye that Sergeant Agosto told [him] she and Detective Soto consulted with Supervisory Assistant State's Attorney David J. Strollo during a September 4, 2020 phone call." Decl. Bertram Ettienne (ECF No. 62-6) at ¶ 8. Ettienne further avers: "Specifically at no time during this meeting did I tell Mr. Maye that . . . Strollo had ordered or advised the NHPD to evict him from the premises located at 746 Orchard Street, New Haven and to not let him back in." <u>Id.</u> at ¶ 9.

Looking at the evidence in the light most favorable to the plaintiff, he has offered no evidence to create a genuine issue as to the fact that defendant Strollo spoke to the NHPD detectives only after their interaction with the plaintiff on September 3, 2020. He has created a genuine issue only as to what he was told by Ettienne. Because the plaintiff has failed to create a genuine issue of material fact as to whether the defendant was personally involved in any violation of his Fourth Amendment rights, the defendant is entitled to judgment as a matter of law on the Fourth Amendment claim.

## B. <u>Connecticut Gen. Stat. § 47a-42a(a)</u>

The defendant contends that there is no private right of action pursuant to Conn. Gen. Stat. § 47a-42a(a) so the claim must be dismissed. The court agrees.

"There exists a presumption in Connecticut that private enforcement does not exist unless expressly provided in a statute. In order to overcome that presumption, the [plaintiff bears] the burden of demonstrating that such an action is created implicitly in the statute." Perez-Dickinson v. City of Bridgeport, 304 Conn. 483, 507 (2012) (alteration in original)(quoting Provencher v. Enfield, 284 Conn. 772, 777-78 (2007)). Conn. Gen. Stat. § 47a-42a, which governs "Eviction of tenant and occupants from commercial property. Disposition of unclaimed possessions and personal effects," provides in part:

> Whenever a judgment is entered against a defendant pursuant to section 47a-26, 47a-26a, 47a-26b or 47a-26d for the possession or occupancy of nonresidential property, such defendant and any other occupant bound by the judgment by subsection (a) of section 47a-26h shall forthwith remove himself or herself, such defendant's or occupant's possessions and all personal effects unless execution has been stayed pursuant to sections 47a-35 to 47a-41, inclusive. If execution has been stayed, such defendant or occupant shall forthwith remove himself or herself, such defendant's or occupant's possessions and all personal effects upon the expiration of any stay of execution. If the defendant or occupant has not so removed himself or herself upon entry of a judgment pursuant to section 47a-26, 47a-26a, 47a-26b or 47a-26d, and upon expiration of any stay of execution, the plaintiff may obtain an execution upon such summary process judgment, and the defendant or other occupant bound by the judgment by subsection (a) of section 47a-26h and the possessions and personal effects of such defendant or other occupant may be removed as provided in this section.

Conn. Gen. Stat. § 47a-42a(a).

Because Conn. Gen. Stat. § 47a-42a(a) does not expressly provide for a private right of action, the burden is on the plaintiff to demonstrate that the statute creates an implicit right of action. "[A] party asserting the existence of an implicit private remedy must satisfy an exacting three part test: First, is the plaintiff one of the class for whose ... benefit the statute was enacted ... ? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? ... Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?" D'Attilo v. Statewide Grievance Committee, 329 Conn. 624, 637 (2018) (omissions in original) (quoting Rollins v. People's Bank Corp., 283 Conn. 136, 142 (2007)) (internal quotation marks omitted). The party asserting the existence of an implicit private right of action also must show that "no factor weighs against affording an implied right of action and [that] the balance of factors weighs in [that party's] favor." Id. at 638 (first alteration in original) (quoting Rollins, 283 Conn. at 142).

With respect to the first factor, the defendant concedes that "the plaintiff may be a commercial tenant, and therefore conceivably benefited by the provisions of § 47a-42a(a) during a summary process proceeding." Def.'s Mem. Supp. Mot. Summ. J. at 16.

With respect to the second factor, the court agrees with
the defendant that there is no explicit indication in the text
of Conn. Gen. Stat. § 47a-42a(a) of legislative intent to create
a private right of action. Nor is there any implicit indication
that the legislature intended to create a private right of
action. As the defendant points out, the legislature included
private rights of action elsewhere in Title 47a of the
Connecticut General Statutes. See id. at 17 ("See Conn. Gen.
Stat. § 47a-14h (provides mechanism for tenant who claims
landlord has failed to perform his or her legal duties as
required by section 47a-7 or 47a-7a or subdivisions (1) to (13),
inclusive, of subsection (a) of section 21-82, to institute an
action in appropriate housing session); see also Conn. Gen.
Stat. § 47a-20a(a) (landlord may maintain action to recover
premises if certain conditions are met.)"). Therefore, "it is
apparent that the legislature was fully cognizant . . . of the
need for private causes of action when it deemed appropriate."
Provencher, 284 Conn. at 785-86 This is further indication that
the legislature did not intend Conn. Gen. Stat. § 47a-42a(a) to
provide for a private right of action.

With respect to the third factor, it is not consistent with
the statutory scheme of Title 47a, nor is it consistent with the
purpose of § 47a-42a(a), for there to be a private right of
action against the defendant in this case. Title 47a of the

-11-

Connecticut General Statutes governs the rights and responsibilities of landlords and tenants. Although the plaintiff was a tenant, the defendant was not the landlord or owner of the premises occupied by the plaintiff. Nor was the defendant otherwise involved in any landlord-tenant relationship or other dealings the plaintiff had with his sublessor or the property owner. Section 47a-42a(a) outlines the procedure by which a commercial property owner obtains possession of the property after obtaining a summary process judgment. The defendant had no involvement in any summary process proceeding. Therefore, it is inconsistent with the statutory scheme in Title 47a in general and § 47a-42a(a) specifically to imply a private right of action against the defendant under the circumstances present here.

Consequently, the plaintiff has failed to demonstrate that there is a private right of action under Conn. Gen. Stat. § 47a-42a(a), and the defendant is entitled to judgment as a matter of law on this claim.

### IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment (ECF No. 62) is hereby GRANTED. The Clerk shall enter judgment in favor of the defendant and close this case.

It is so ordered.

Dated this 18th day of October 2023, at Hartford,

Connecticut.

_____/s/_____
Alvin W. Thompson
United States District Judge
